**COMP**
**ESTEBAN-TRINIDAD LAW, P.C.**
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
LOYCE G. LEWIS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOYCE G. LEWIS, an individual;<br><br>　　　　　　Plaintiff,<br>vs.<br><br>BOYD GAMING CORPORATION, a Nevada Corporation d/b/a JOKERS WILD CASINO; TRAVIS WILLIAMS, an individual, DOES 1 through 10, inclusive; ROES CORPORATIONS ENTITIES 1 through 10 inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**VERIFIED COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

　　　Plaintiff LOYCE G. LEWIS ("LEWIS"), for her causes of action against the above-named Defendants, complains and alleges as follows:

## I.
## INTRODUCTION

　　　This is an employment-based civil rights case. Defendant discriminated against Plaintiff by subjecting her to hostile work environment sexual harassment, including, subjecting her to unwanted touching of a sexual nature, grabbing, groping, exposure to full nudity in the workplace and propositioned by another employee to get "fucked from behind right here on the desk." Plaintiff complained about the sexual harassment, to no avail, resulting in Plaintiff's forced resignation.

-1-

## II.
## PARTIES & JURISDICTION

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e *et. seq.*, 29 U.S.C. §206(d)(2000), and 28 U.S.C. §1343.

2. Venue is proper in this District because a substantial part of the event and/or omissions giving rise to the claim occurred in the State of Nevada. 28 U.S.C. §1391(b)(2). Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3)-(c).

3. Plaintiff LOYCE G. LEWIS is and was, at all times relevant hereto, an individual presently residing in the State of Nevada, Las Vegas. Plaintiff is an "employee" under 42 U.S.C. §2000e(f) for the purposes of this action.

4. Defendant BOYD GAMING CORPORATION ("BOYD") is and was, at all times relevant to herein, a Nevada corporation doing business in the State of Nevada, Las Vegas, as JOKERS WILD CASINO. Defendant BOYD is an "employer" under 42 U.S.C. §2000e(b) for purposes of this action.

5. Upon information and belief, Defendant TRAVIS WILLIAMS, is and was, at all times relevant hereto, an individual residing in the State of Nevada. At all times relevant herein, Defendant WILLIAMS was employed with BOYD as Executive Chef of Jokers Wild Casino.

6. Plaintiff timely files this suit following receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC) dated November 21, 2008.

7. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as

-2-

1  alleged herein.  The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.  Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

### III.
### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### TITLE VII OF THE CIVIL RIGHTS ACT / 42 U.S.C. §2000e *et. seq.*
### SEX DISCRIMINATION
### (HOSTILE WORK ENVIRONMENT HARASSMENT AGAINST DEFENDANT BOYD)

8. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

9. On or about March, 2003, Plaintiff started work with Defendant BOYD at JOKERS WILD CASINO.

10. During the course of her employment, and beginning July, 2007, Defendant, its employees, management, agents, employees, and/or representatives, subjected Plaintiff to sex discrimination, hostile work environment harassment, and differential treatment because of her sex, including, but not limited to, being subjected to:

    (a) Exposure to full nudity in the workplace from Defendant TRAVIS WILLIAMS wherein TRAVIS would change into work clothes in the office he shared with Plaintiff exposing his genitals and buttocks;

(b) Plaintiff repeatedly propositioned for sex in the workplace by Defendant TRAVIS WILLIAMS on more than one occasion, including, but not limited to: WILLIAMS telling Plaintiff, in a sexually charged manner, while grabbing her waist, "Yea, this is how I want you. I want to fuck you from behind right here on the desk"; WILLIAMS sneaking up behind Plaintiff, in the workplace, grabbing Plaintiff by the waist, and stating, in a sexually suggestive manner, "Ya, that's how I want you"; WILLIAMS telling Plaintiff that WILLIAMS cleaned his desk so that WILLIAMS could "fuck" Plaintiff on WILLIAMS' desk;

(c) unwanted comments of an offensive, sexual nature from Defendant TRAVIS WILLIAMS about Plaintiff's buttocks, such as, "Your ass sure looks good in your pants";

(d) unwanted grabbing, touching, and/or stroking of Plaintiff's leg by WILLIAMS, with WILLIAMS forcing his hand upon Plaintiff's leg and up into Plaintiff's pants;

11.     Plaintiff repeatedly complained to Defendant BOYD about the repeated discrimination, sexual harassment, sexually offensive conduct of Defendant TRAVIS, but Defendant BOYD ignored, neglected, failed and/or refused to address the same and/or take prompt corrective remedial action to address WILLIAMS' conduct, including, but not limited to:

(a)     In one instance, when Plaintiff complained to her supervisor, DATRON GREEN, Food and Beverage Manager for Jokers Wild Casino, about WILLIAMS' sexual misconduct in the workplace, Mr. Green told Plaintiff "don't worry, he (WILLIAMS) is not dark enough for you," apparently alluding to the fact that Plaintiff, a Caucasian female, was married to an African-American man;

(b)     In another instance, Plaintiff complained to DATRON GREEN about WILLIAMS' sexual harassment and sexually offensive conduct, Mr. Green told Plaintiff that Mr. Green knew

that Plaintiff was "not a big fan" of WILLIAMS, but that Plaintiff needed to "learn to get along with" WILLIAMS;

12. Plaintiff became so frustrated and unable to continue to endure the hostile work environment perpetuated by Defendants and by BOYD's failure and/or refusal to address Plaintiff's repeated complaints about TRAVIS' conduct as described herein above that Plaintiff was compelled and forced to resign her position with Defendant.

13. Plaintiff timely filed a Charge of Discrimination with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission (EEOC) against Defendant alleging discrimination sex.

14. As a direct result of the Defendant BOYD's unlawful, discriminatory conduct, Plaintiff suffered financial harm and emotional distress. The above described acts of Defendant were intentional and done with a conscious disregard for Plaintiff's federally protected rights.

15. As a direct and proximate result of Defendant BOYD's actions, Plaintiff is entitled to injunctive and affirmative relief pursuant to Section 706(g)(1)-(2) of Title VII.

16. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

### SECOND CAUSE OF ACTION
### Nev. Rev. Stat. §613.330
### UNLAWFUL EMPLOYMENT PRACTICES: DISCRIMINATION ON THE BASIS OF SEX
### (AGAINST DEFENDANT BOYD)

17. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

-5-

18. The conduct of Defendant described in this Complaint constitutes unlawful sex discrimination in violation of Nev. Rev. Stat. § 613.330.

19. Defendant is an "employer" as defined in Nev. Rev. Stat. § 613.310(2).

20. During the course of her employment, Defendant BOYD, its employees, management, against, employees, and/or representatives, subjected Plaintiff was subjected to discrimination, harassment, hostile work environment, and differential treatment because of her sex in violation of NRS §613.330, *et. seq.*

21. Defendant's policy and practice of allowing the conduct complained of herein to occur and continue, including, but not limited to, sex discrimination and hostile work environment sexual harassment which constitutes a knowing and intentional pattern and practice of discrimination in violation of Nevada law.

22. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of an attorney and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING
### (AGAINST DEFENDANT BOYD)

23. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

24. Defendant BOYD knew or should have known with the exercise of minimum due diligence that certain BOYD employees, agents, management, and/or representatives, would harass, discriminate and/or subject Plaintiff to hostile work environment sexual harassment as alleged herein above in violation of Nevada law.

-6-

25.     As a direct and proximate cause of Defendant BOYD's negligent hiring practices, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanents and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT TRAINING AND SUPERVISION**
**(AGAINST DEFENDANT BOYD)**

26.     Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

27.     Defendant BOYD failed to adequately train and supervise its employees in diversity training as it applies to Title VII and in particular, sexual harassment, hostile work environment sexual harassment, and/or sex discrimination.

28.     As a direct and proximate cause of Defendant BOYD's failure to adequately train and supervise its employees, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT RETENTION**
**(AGAINST DEFENDANT BOYD)**

29.     Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

30.     Defendant BOYD knew or should have known that its employees and certain of its management members were engaged in activities contrary to Title VII, and to the laws of the State of Nevada, and nonetheless, Defendant BOYD allowed these employees, to remain in their employment. As a result of this negligent retention, Plaintiff sustained great pain of body and mind, and mental stress

and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

## SIXTH CAUSE OF ACTION
## ASSAULT
## (AGAINST DEFENDANT TRAVIS WILLIAMS)

31. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

32. That on more than one occasion, Defendant WILLIAMS advanced toward and threatened Plaintiff with the intent to cause a harmful and/or offensive touching and did so. The first assault caused Plaintiff apprehension of an immediate harmful or offensive touch on all subsequent occasions, to wit: without Plaintiff's consent, WILLLIAMS repeatedly and offensively touched, grabbed Plaintiff by the waist and/or hips; without Plaintiff's consent, WILLIAMS offensively touched and stroked Plaintiff's leg in a sexually suggestive and offensive manner;

33. As a direct and proximate result of Defendant WILLIAMS's actions and conducting putting Plaintiff in apprehension of an offensive or harmful touching, Plaintiff suffered and continues to suffer special, general and compensatory damages in an amount to be proven at time of trial, according to proof.

34. In committing the acts alleged hereinabove, Defendant WILLIAMS acted willfully, wantonly, and with malice towards Plaintiff, and Plaintiff requests by reason thereof, pursuant to NRS §42.005, that Plaintiff be awarded exemplary and punitive damages in an amount sufficient to punish or make an example of Defendant according to proof at time of trial

35. As a further result of Defendant WILLIAMS actions, Plaintiff has been required to retain services attorneys and is entitled to reasonable attorney's fees and costs incurred herein.

..

## SEVENTH CAUSE OF ACTION
## BATTERY
## (AGAINST DEFENDANT TRAVIS WILLIAMS)

36.   Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

37.   Pursuant to Nevada Revised Statute §200.481, "Battery" is any willful and unlawful use of force or violence upon the person of another.

38.   Among other things, Defendant WILLIAMS did use willfully and unlawful use force or violence by touching, grabbing, and/or stroking Plaintiff's waist, hips, and/or leg, on repeated occasions.

39.   Plaintiff did not consent to any of the physical or verbal abusive conduct of Defendant WILLIAMS.

40.   As a direct and proximate result of Defendant WILLIAMS actions and conducting putting Plaintiff in apprehension of an offensive or harmful touching, Plaintiff suffered and continues to suffer special, general and compensatory damages in an amount to be proven at time of trial, according to proof.

41.   In committing the acts alleged hereinabove, Defendant WILLIAMS acted willfully, wantonly, and with malice towards Plaintiffs, and Plaintiffs request, by reason thereof, pursuant to NRS §42.005, that Plaintiff be awarded exemplary and punitive damages in an amount sufficient to punish or make an example of Defendant according to proof at time of trial.

## EIGHTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR
## (AGAINST DEFENDANT BOYD)

42.   Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

43.   Defendant WILLIAMS committed torts upon Plaintiff by assaulting, harassing, battering, and/or

subjecting Plaintiff to unwanted, offensive sexual touches and advances, to Plaintiff's damage, while WILLIAMS' was acting within the course and scope of his employment with Defendant BOYD.

44. Pursuant to the doctrine of *respondeat superior*, Defendant BOYD is liable for Defendant WILLIAMS's tortuous conduct to Plaintiff.

45. Defendant BOYD knew or otherwise should have known of the improper and illegal conduct by , failed to take action to prevent the recurrence of such assault and batteries upon Plaintiff's person by Defendant WILLIAMS, and/or failed to effect the appropriate corrective action against said assaults and batteries.

46. As a direct and proximate cause of Defendants tortuous conduct, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount according to proof to be determined at time of trial.

47. As a further result of Defendants actions, Plaintiff has been required to retain attorneys and is entitled to reasonable attorney's fees and costs incurred herein.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAIST ALL DEFENDANTS)**

48. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

49. That the conduct of Defendants, and each of them, its agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.

50. That the conduct of Defendants, and each of them, its agents, employees and/or representatives were intentional, malicious, willful and outrageous, therefore, constitutes an intentional infliction of emotional distress to Plaintiff.

51. That as a direct and proximate result of Defendants conduct, and each of them, Plaintiff suffered emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.

52. That as a direct and proximate result of Defendants acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, loss of earnings, and loss of enjoyment of life, all to said Plaintiff's general damage in an amount to be determined, according to proof at time of trial.

53. That Defendant's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at time of trial.

54. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of an attorney and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

WHEREFORE, Plaintiff prays for the following relief:

1. Back-pay, front-pay, fringe benefits and pre-judgment interest; removal of all adverse information from Plaintiff's personnel files;

2. Compensatory damages, according to proof, to be determined at time of trial;

3. Punitive damages, according to proof to be determined at time of trial;

4. Attorney's fees, expenses and costs of suit; and

…

…

…

…

…

5. Such other and further relief as the Court may wish to entertain.

DATED this 15th day of January, 2009.

**ESTEBAN-TRINIDAD LAW, P.C.**

BY: _____
M. LANY ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
LOYCE G. LEWIS

## **JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

DATED this 15th day of January, 2009.

**ESTEBAN-TRINIDAD LAW, P.C.**

BY: _____
M. LANY ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
LOYCE G. LEWIS

<u>VERIFICATION</u>

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

LOYCE G. LEWIS, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT and know the contents thereof; that the same is true of my own knowledge except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

_____
LOYCE G. LEWIS

SWORN AND SUBSCRIBED TO before me this 15th day of January, 2009.

_____
NOTARY PUBLIC in and for said County and State.

NOTARY PUBLIC
CANDESS ZONA
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 29, 2012
No: 04-89964-1